## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WENYING LI,<br>East Room, 2/F, Unit 5, Building 6,<br>Shenshi Jiayuan,<br>Xuchang City, Henan Province,<br>Republic of China,<br><br>          Plaintiff,<br><br>          v.<br><br>U.S. DEPARTMENT OF HOMELAND<br>SECURITY,<br>245 Murray Lane, S.W. Building 410,<br>Washington, D.C. 20258;<br><br>KIRSTJEN NIELSEN, Secretary,<br>U.S. Department of Homeland Security, in her<br>official capacity as well as her successors and<br>assigns,<br>245 Murray Lane, S.W. Building 410,<br>Washington, D.C. 20258-0075;<br><br>U.S. CITIZENSHIP AND IMMIGRATION<br>SERVICES,<br>111 Massachusetts Avenue, N.W.<br>Washington, D.C. 20529-2000;<br><br>          and<br><br>L. FRANCIS CISSNA, Director,<br>U.S. Citizenship and Immigration Services,<br>in his official capacity as well as his<br>successors and assigns,<br>20 Massachusetts Avenue, N.W.<br>Washington, D.C. 20529-2000;<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 19-409 |

---

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

---

Plaintiff, by and through undersigned counsel, alleges as follows:

## I. INTRODUCTION

1. This is a civil action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*, for judicial review of a final agency adjudication that plaintiff failed to establish eligibility for classification under Section 203(b)(5) of the Immigration and Nationality Act ("INA") through a preponderance of the evidence.

2. INA § 203(b)(5), otherwise known as the EB-5 Immigrant Investor Program, provides classification to qualified immigrants seeking to enter the United States for the purpose of engaging in a new commercial enterprise (including a limited partnership) where they invest a qualifying amount, either $1,000,000 or $500,000 in an underserved area, and create at least ten jobs for U.S. workers.  8 U.S.C. § 1153(b)(5) (hereinafter the "Act").

3. MCFA, LP, a Virginia limited liability partnership, was formed to participate in, and fund the acquisition, renovation, ownership, organization, and management of, the conversion of a historic chocolate factory in Mansfield, Massachusetts into loft apartments with investor equity comprising $34 million from 17 EB-5 investors, which would create more than ten jobs per each EB-5 investor.

4. On December 9, 2015, Ms. Li filed a Form I-526 Petition to establish eligibility under INA § 203(b)(5) by investing a $500,000 all-cash capital contribution, as a limited partner of MCFA, LP, into the real estate development project in Mansfield, Massachusetts. Ms. Li's $500,000 all-cash capital contribution derived from mortgage loans and from shareholder loans undertaken from a Chinese company she jointly owns with her spouse in China.

5. On September 5, 2018, U.S. Citizenship and Immigration Services (USCIS)'s Immigrant Investor Program Office issued a final action denying Ms. Li's Form I-526 Petition

determining that she had not made a qualifying contribution of the minimum required amount of capital pursuant to the EB-5 program's implementing regulations at 8 C.F.R. § 204.6. Defendants determined that her all-cash capital contribution to the new commercial enterprise, derived from her use of undistributed profits from her business to secure shareholder loans, is not an allowable practice in the EB-5 context and does not meet the regulatory definition of cash as capital under 8 C.F.R. § 204.6(e).

6. Defendants' decision to deny Ms. Li's Petition is arbitrary and capricious, not supported by substantial evidence, and beyond the scope of defendants' statutory authority. Defendants have misapplied the facts and the law as to Ms. Li's eligibility for immigrant investor classification by, *inter alia*:

a. erroneously finding that proceeds from shareholder loans do not qualify as "capital" as defined in 8 C.F.R. § 204.6(e);

b. erroneously determining that she had failed to establishing a qualifying contribution of the minimum required amount of capital based on its interpretation of 8 C.F.R. § 204.6(e);

c. erroneously determining that applicable legal requirements require her to somehow "secure" an all-cash capital contribution into a new commercial enterprise; and

d. erroneously concluding that she had failed to establish eligibility for the benefit sought under INA § 203(b)(5), 8 C.F.R. § 204.6, and the four precedent decisions by a preponderance of the evidence.

## II.   JURISDICTION AND VENUE

7. This civil action arises under the Constitution and the laws of the United States. The Court has subject-matter jurisdiction over this civil action pursuant to 5 U.S.C. § 702, 28 U.S.C. §§ 1331, 1361 and 2201-22.  Because defendants' decision on a petition for an EB-5

visa is not discretionary, neither the immigration laws nor the APA withdraws jurisdiction.

8. Defendants, agencies of the United States and their officers acting within their official capacities, are subject to personal jurisdiction within the District of Columbia for purposes of the Constitution's Due Process Clause and the District of Columbia's long-arm statute.

9. Venue lies in this judicial district under 28 U.S.C. § 1391 because defendants are agencies and officers of agencies of the United States who reside in this judicial district.

### III. PARTIES

A. <u>Plaintiff</u>

10. Ms. Li, a citizen and resident of the Republic of China, transferred approximately $500,000 into the MCFA, LP Escrow Account on or about November 25, 2015. On December 9, 2015, plaintiff filed a Form I-526, Immigrant Petition by Alien Entrepreneur. (No. WAC 16-901-94861). USCIS issued a Notice of Intent to Deny (NOID) on June 26, 2018. Ms. Li responded with additional evidence on July 25, 2018. On September 5, 2018, USCIS, through the Immigrant Investor Program Office, denied her Form I-526 Petition.

B. <u>Defendants</u>

11. The U.S. Department of Homeland Security ("DHS") is the federal agency bearing responsibility for administration and enforcement of the nation's immigration laws.

12. Defendant Kirstjen Nielsen, is sued in her official capacity as DHS Secretary in which she is charged with the just administration and enforcement of the immigration laws. 8 U.S.C. § 1103(a).

13. The U.S. Citizenship and Immigration Services ("USCIS"), a component of the U.S. Department of Homeland Security, is responsible for adjudicating visa petitions, such as Forms I-526, as well as other benefit types, under the INA. As used below, "USCIS" refers to

both the U.S. Citizenship and Immigration Services, and predecessor agency U.S. Immigration and Naturalization Services.

14. Defendant L. Francis Cissna sued in his official capacity as Director of USCIS.

## IV. FACTS

A. The EB-5 Program's Legal Framework

i. *The Statutory Framework*

15. Ms. Li seeks eligibility for an immigrant visa under the fifth employment-based preference category ("EB-5") of the Immigration Act of 1990. *See* Pub. L. No. 101-649, § 121(a) (Nov. 29, 1990) (codified at 8 U.S.C. § 1153(b)(5)). The purpose of the law is to expand economic opportunity by permitting alien entrepreneurs to invest in U.S. commercial enterprises and create job opportunities for American workers.

16. There are three statutory requirements: (1) a foreign national must invest a qualifying capital contribution of either $1,000,000 (or $500,000 if in an underserved area) in a new commercial enterprise; (2) that will employ a minimum of ten U.S. workers; and (3) for an investment made after November 29, 1990:

> (A) Visas shall be made available . . . to qualified immigrants seeking to enter the United States for the purpose of engaging in a new commercial enterprise (including a limited partnership)—
>
> (i) in which such alien has invested (after the date of the enactment of the Immigration Act of 1990 [enacted Nov. 29, 1990]) or, is actively in the process of investing, capital in an amount not less than the amount specified in subparagraph (C),[1] and
>
> (ii) which will benefit the United States economy and create full-time employment for not fewer than 10 United States citizens or aliens lawfully admitted for permanent

---

[1] While Congress established a minimum capital investment of $1,000,000, foreign investors are authorized to make a $500,000 investment in a targeted employment area, defined as a "rural area or an area which has experienced high unemployment (of at least 150 percent of the national average rate." 8 U.S.C. § 1153(b)(5)(C); 8 C.F.R. § 204.6(f).

5

residence or other immigrants lawfully authorized to be employed in the United States (other than the immigrant and the immigrant's spouse, sons, or daughters).  8 U.S.C. § 1153(b)(5).

17. In 1992, Congress expanded the program by introducing a regional center concept.  *See* Dep't of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act, P.L. 102-395 § 610 (Oct. 6, 1992).  This program encourages investors to invest in commercial enterprises located within certain, designated "regional centers" and permits these regional centers to pool investments from multiple investors.  *See* 8 U.S.C § 1153 *note*.  The program further allows the alien entrepreneur to satisfy the job creation requirement by counting not only the jobs directly created by the investment, but also those that are indirectly created by its effect (as determined by "reasonable methodologies"), such as the investment's revenues from "improved regional productivity, job creation, or increased domestic capital investment resulting from the program." *Id.*

18. A foreign investor bears the burden of proof in establishing eligibility under the Act, and applies for an EB-5 visa by submitting a Form I-526, Immigrant Petition by Alien Entrepreneur to the U.S. Citizenship and Immigration Services.  8 C.F.R. §§ 204.6(a), (c).

19. If USCIS approves the Form I-526 by issuing a Form I-797 Notice of Action, conditional resident status is provisionally granted (subject to satisfying further consular entry requirements of the U.S. Department of State).

20. If the alien entrepreneur is admitted into the United States as a conditional permanent resident, the alien entrepreneur may petition two years later (by filing a Form I-829) to remove the conditionality of their permanent resident status by demonstrating full compliance with the visa requirements – i.e. the investment and job creation requirement.  8 U.S.C. § 1186b; 8 C.F.R. § 216.6.

21. The Form I-526 petition is submitted to the Immigrant Investor Program

Office, which resides Washington, D.C.

    ii.    *The Regulatory & Policy Framework*

    22.    The following regulatory and policy framework has been applied in the evaluation of a Form I-526 petition: the Act's implementing regulations at 8 C.F.R. § 204.6 originally published in 1991, four decisions from the Board of Immigration Review from 1998 designated as precedents, a 2013 policy memorandum, and effective November 30, 2016, a new USCIS Policy Manual. *See* Volume 6: Immigrants, Part G, Investors (hereinafter "6 USCIS-PM").

    23.    In 1991, USCIS' predecessor agency, the former Immigration and Nationalization Service ("INS") published regulations to guide the procedures for alien entrepreneurs seeking eligibility under the EB-5 statute and its implementing regulations. *See* 56 Fed. Reg. 60,897; 60,910-13 (INS) (Nov. 29, 1991) (codified at 8 C.F.R. § 204.6). Consistent with the EB-5 statute, an alien must demonstrate that they have invested, or are actively investing, lawfully obtained capital in a new commercial enterprise[2] in the United States that will create at least ten full-time jobs for American workers. *See* 8 C.F.R. §§ 204.6(j)(1)-(6).

    24.    DHS defines *Invest* in 8 C.F.R. § 204.6(e) as:

> Invest means to contribute capital. A contribution of capital in exchange for a note, bond, convertible debt, obligation, or any other debt arrangement between the alien entrepreneur and the new commercial enterprise does not constitute a contribution of capital for the purposes of this part.

    25.    8 C.F.R. § 204.6(e), which defines *Capital* as:

> Capital means cash, equipment, inventory, other tangible property, cash equivalents, and indebtedness secured by assets owned by the alien entrepreneur, provided that the alien entrepreneur is personally and primarily liable and that the assets of the new

---

[2] The I-526 petition may be supported by an investment into a wholly new enterprise, the expansion of an existing business, or a troubled business. *See* 8 C.F.R. § 204.6(h).

7

commercial enterprise upon which the petition is based are not used to secure any of the indebtedness. All capital shall be valued at fair market value in United States dollars. Assets acquired, directly or indirectly, by unlawful means (such as criminal activities) shall not be considered capital for the purposes of section 203(b)(5) of the Act.

26. DHS interprets the Act's capital contribution requirement in 8 C.F.R. § 204.6(j)(2) to require that that an investment be placed at risk for the purpose of generating a return:

> To show that the petitioner has invested or is actively in the process of investing the required amount of capital, the petition must be accompanied by evidence that the petitioner has placed the required amount of capital at risk for the purpose of generating a return on the capital placed at risk. Evidence of mere intent to invest, or of prospective investment arrangements entailing no present commitment, will not suffice to show that the petitioner is actively in the process of investing. The alien must show actual commitment of the required amount of capital. Such evidence may include, but need not be limited to:
>
> (i) Bank statement(s) showing amount(s) deposited in United States business account(s) for the enterprise; . . .
>
> (iv) Evidence of monies transferred or committed to be transferred to the new commercial enterprise in exchange for shares of stock (voting or nonvoting, common or preferred). Such stock may not include terms requiring the new commercial enterprise to redeem it at the holder's request; or . . .

27. Capital acquired, directly or indirectly through unlawful means is not permissible. 8 C.F.R. § 204.6(e). To demonstrate that the "petitioner has invested, or is actively in the process of investing, capital obtained through lawful means" the petitioner must submit, as applicable, the following documentation:

> (i) Foreign business registration records;
>
> (ii) Corporate, partnership (or any other entity in any form which has filed in any country or subdivision thereof any return described in this subpart), and personal tax returns including income, franchise, property (whether real, personal, or intangible), or any other tax returns of any kind filed within five years, with any taxing jurisdiction in or outside the United States by or on behalf of the petitioner;

8

(iii)   Evidence identifying any other source(s) of capital; or

(iv)   Certified copies of any judgments or evidence of all pending governmental civil or criminal actions, governmental administrative proceedings, and any private civil actions (pending or otherwise) involving monetary judgments against the petitioner from any court in or outside the United States within the past fifteen years.

28.   Since the passage of the Act more than twenty-five years ago, INS and later USCIS have issued precedential opinions, public statements and other internal guidance and training materials regarding its interpretation of the Act and 8 C.F.R. § 204.6.[3]

29.   In 1998, to provide additional guidance on its own implementing regulations at 8 C.F.R. § 204.6, INS designated four decisions as "precedential decisions," which are binding on all Service employees in the administration of the Act.  *See*, *Matter of Izummi*, 22 I. & N. Dec. 169 (Assoc. Comm. 1998); *Matter of Soffici*, 22 I. & N. Dec. 158 (Assoc. Comm. 1998); *Matter of Ho*, 22 I. & N. Dec. 206 (Assoc. Comm. 1998); *Matter of Hsiung*, 22 I. & N. Dec. 201 (Assoc. Comm. 1998).

30.   On May 13, 2013, USCIS released consolidated policy guidance, an expansive, twenty-seven page memorandum.  *See* USCIS Policy Memorandum, No. P.M.-602-0082, EB-5 Adjudications Policy (May 30, 2013) (hereinafter "EB-5 Policy Memo").  This EB-5 Policy Memo affirms prior policy guidance "to the extent that it does not conflict," [at page 1], but also cautions that "is intended solely for the training and guidance of USCIS personnel in

---

[3] *See, e.g.,* INS Office of the General Counsel Memo, "Alien Entrepreneurs under Section 203(b)(5) of the Immigration and Nationality Act" (Sep. 10, 1993); INS Memo, "EB-5 Investor," (Oct. 20, 1997) (released under the Freedom of Information Act to the American Immigration Lawyers Association ("AILA") (hereinafter the "1997 Policy Memo"); 2011 USCIS EB-5 Training Materials (through May 2011 (released under the Freedom of Information Act to AILA) (hereinafter the "2011 Training Materials"); USCIS 2013 EB-5 Training PowerPoint Presentation (2013) (released under the Freedom of Information Act to AILA) (hereinafter the "2013 Training Materials"); and USCIS Policy Manual, Volume 6, Part G (Nov. 30, 2016) (hereinafter "6 USCIS-PM").

performing their duties relative to the adjudication of applications and petitions [which] . . . may not be relied upon . . . in litigation with the United States, or in any other form or manner."

31. On November 30, 2016, the Agency once again consolidated its guidance concerning the EB-5 Investor Program in a USCIS Policy Manual, which at Part 6 of Volume 6, contains fifty-six pages of additional guidance, which is current as of January 23, 2019. *See* 6 USCIS-PM G, *available at https://www.uscis.gov/policymanual/HTML/PolicyManual-Volume6-PartG.html.*

    iii.    *Recent EB-5 Case Law*

32. There are several recently reported decisions within this district court concerning the EB-5 Program that have overturned long-standing Agency interpretations of its implementing regulations on what constitutes "capital" [*Zhang*, 2018 U.S. Dist. LEXIS 203847 at *1] and what constitutes an "at-risk" investment. *See Doe v. USCIS*, 239 F. Supp. 3d 297 (D.D.C. 2017) (Kollar-Kotelly, J.); *Chang v. USCIS*, 289 F. Supp. 3d 177 (D.D.C. 2018) (Bates, J.).

    B.    <u>Agency Adjudication</u>

33. On November 25, 2015, Ms. Li, as a limited partner of MCFA, LP, invested $500,000 into MCFA, LP, a new commercial enterprise in a targeted employment area, and filed a Form I-526 on December 9, 2015 with a supporting memorandum of law and exhibits to seek eligibility under INA § 203(b)(5). 8 U.S.C. § 1153(b)(5). The initial filing included approximately 600 pages of materials relating to the source of Ms. Li's capital contribution.

*34.* The project, the rehabilitation of a historic chocolate factory in Mansfield, Massachusetts, would create 214 full-time jobs with total project costs expected to be $41 million with $7.5 million derived from EB-5 equity investments.

35. On June 26, 2018, defendants issued a Notice of Intent to Deny ("NOID") Ms. Li's Petition. Based on the evidence submitted in her Petition, defendants found that Ms. Li's capital derived from two secured mortgage loans and two shareholder loans obligated from a Chinese company jointly owned by her and her spouse (hereinafter the "Chinese Company").

36. As a matter of law, defendants determined in the NOID that Ms. Li had not established by a preponderance of the evidence that the amount borrowed from their Chinese Company met the regulatory definition of capital and sought further evidence before denying Ms. Li's Petition.

37. On July 18, 2018, Ms. Li responded to the NOID and argued that the capital contribution was cash and met the regulatory definition of capital, and in any event, that the shareholder loans were secured by her and her husband's share of the Chinese Company's undistributed profits. Ms. Li provided, *inter alia*, a letter from a local certified public accountant clarifying the practice of shareholder loans in China, the articles of association for their jointly owned Chinese Company, the loan contracts, a shareholder's resolution regarding the loans, and statements from the Chinese Company's accountant.

38. On September 5, 2018, defendants issued a decision denied Ms. Li's petition, apparently, on the sole ground that the evidence in the record failed to establish that the required capital amount of $500,000 has been invested or is actively in the process of being invested pursuant to 8 C.F.R. 204.6(e).

39. Defendants concluded that a portion of the $500,000 contribution, the shareholder loans, were not secured by Ms. Li and her husband's assets, and thus, the proceeds from both shareholder loans do not qualify as "capital" as defined in the regulation [8 C.F.R. § 204.6(e)].

C.     Substantial Evidence in the Administrative Record

i.     *Plaintiff's All-Cash Capital Contribution to the New Commercial Enterprise*

40.    8 C.F.R. § 204.6(j)(2), states that "[t]he alien must show actual commitment of the required amount of capital" such as the following evidence:

>  (i) **[For Cash]** Bank statement(s) showing amount(s) deposited in United States business account(s) for the enterprise;
>
>  (ii) **[For Equipment]** Evidence of assets which have been purchased for use in the United States enterprise, including invoices, sales receipts, and purchase contracts containing sufficient information to identify such assets, their purchase costs, date of purchase, and purchasing entity;
>
>  (iii) [**For Other Tangible Property**] Evidence of property transferred from abroad for use in the United States enterprise, including United States Customs Service commercial entry documents, bills of lading, and transit insurance policies containing ownership information and sufficient information to identify the property and to indicate the fair market value of such property;
>
>  (iv) **[For Cash Equivalents]** Evidence of monies transferred or committed to be transferred to the new commercial enterprise in exchange for shares of stock (voting or nonvoting, common or preferred). Such stock may not include terms requiring the new commercial enterprise to redeem it at the holder's request; or
>
>  (v) **[For Indebtedness Secured by Assets Owned by the Alien Entrepreneur]** Evidence of any loan or mortgage agreement, promissory note, security agreement, or other evidence of borrowing which is secured by assets of the petitioner, other than those of the new commercial enterprise, and for which the petitioner is personally and primarily liable.

41.    Under 8 C.F.R. § 103.2, form instructions "are incorporated into the regulations requiring its submission." Defendants' Form I-526 Instructions, *available at https://www.uscis.gov/sites/default/files/files/form/i-526instr.pdf*, asserts that "[y]ou may file this petition for yourself if you have established a new commercial enterprise: . . 2. In which you have invested or are actively in the process of investing the amount required for the area in which the enterprise is located."

42.    Defendants' Form I-526 Instructions, *available at*

12

*https://www.uscis.gov/sites/default/files/files/form/i-526instr.pdf*, also provides that for "Initial Evidence Requirements" the following evidence must be filed with your petition:

> Evidence that you have invested or are actively in the process of investing the amount required for the area in which the business is located. Such evidence may include, but need not be limited to, **copies of bank statements**, evidence of assets that have been purchased for use in the enterprise, evidence of property transferred from abroad for use in the enterprise, **evidence of monies transferred** or committed to be transferred to the new commercial enterprise in exchange for shares of stock, any loan or mortgage, promissory note, security agreement, or other evidence of borrowing that is secured by assets of the petitioner.

43. Plaintiff provided evidence of an all-cash wire transfer of more than $500,000 into MCFA, LP's escrow account on November 25, 2015, and documented this cash contribution with a bank statement in her Initial Evidence Requirements showing the amount deposited in a United States business account for the enterprise.

44. Ms. Li's Form I-526 Petition also included the following evidence regarding her all-cash capital investment: Resolutions of Shareholder's Meeting of the Chinese Company, Loan Contracts signed between the Chinese Company and Ms. Li and her spouse, and the Chinese Company's Business License, Tax Registration Certificate, Articles of Association, Financial Statement for October of 2015, and Tax Payment Certificate.

45. Ms. Li's response to the NOID also included a statement from an independent accountant to explain the practice of shareholder loans in China.

46. There is no reasonable interpretation of INA § 203(b)(5) or 8 C.F.R. § 204.6 whereby Ms. Li's $500,000 U.S. cash deposit on November 25, 2015 in the MCFA, LP's Escrow Account could constitute anything *other than cash*, such as the other enumerated areas in the regulatory definition of *Capital,* like:

- equipment,
- inventory,
- other tangible property,
- cash equivalents, and [or]

- indebtedness secured by assets owned by the alien entrepreneur, provided that the alien entrepreneur is personally and primarily liable and that the assets of the new commercial enterprise upon which the petition is based are not used to secure any of the indebtedness.

47. Because "[i]nvest means to contribute capital" and "[c]apital means cash," the only reasonable interpretation of Ms. Li' $500,000 U.S. currency deposit to the new commercial enterprise is that she made a present commitment of qualifying capital under INA § 203(b)(5) and 8 C.F.R. § 204.6 which was fully at-risk.

48. In *Zhang v. USCIS*, this district court recently heard an EB-5 class-action APA challenge under the EB-5 Program on the question of "whether lawfully-obtained, loan proceeds invested in the enterprise as 'cash' are properly characterized as 'cash' or as 'indebtedness' pursuant to 8 C.F.R. § 204.6(e)." 2018 U.S. Dist. LEXIS 203847 at *12.

49. The all-cash contributions for both putative class members in *Zhang* derived from third-party loans obtained from their majority-owned foreign companies. *Id.* In denying the petitioners in the final agency actions for these putative-class members, defendants concluded that their capital investments in the new commercial enterprises did not qualify as capital pursuant to 8 C.F.R 204.6(e) because they had invested cash loan proceeds that were not secured by personal assets. *Id.* at *9-11.

50. Defendants reached this conclusion by interpreting the invested cash loan proceeds as "indebtedness" which must be "secured by [the petitioner's] personal assets." *Id.* at *9-10.

51. The *Zhang* court held that the Agency's interpretation of the regulation was plainly erroneous, that the denials of the Form I-526 petitions pursuant to that interpretation were arbitrary and capricious, and that "USCIS' interpretation effectively amends a regulation without notice and comment, violating the APA." *Id.* at *12.

14

52.     In rejecting the Agency's arguments justifying its interpretation of the regulation, the *Zhang* court considered the plain language of the regulation, the binding-agency precedential decisions *Soffici*, *Izummi*, *Hsiung*, and the context and history of the EB-5 Program.  *Id.* at *19-20.  According to the *Zhang* court, the "plain and ordinary meaning of 'cash' compels the conclusion that loan proceeds invested in the form of cash must be characterized as cash within the unambiguous definition of 'capital' set forth in the regulation."  *Id.* at *21.

53.     Consequently, the *Zhang* court vacated the denials and remanded the petitions to the Agency for reconsideration consistent with its memorandum opinion.  *Id.* at *71.  Further, the *Zhang* court certified the class action for "only those investors who received a denial of their I-526 petition *solely* based on the USCIS' interpretation" and expressly excluded from the class those "investors who received denials for multiple reasons."  *Id.* at *70.

54.     At the time of the filing of this Complaint, defendants have not deemed Ms. Li as a member of the *Zhang* class, determined that her capital contributed qualifies under the Act and the implementing regulations, or otherwise approved her Form I-525 Petition filed on December 9, 2015.

V.     **EXHAUSTION & INJURY**

55.     The INA directs that "[i]n general Visas shall be made available" to qualifying EB-5 petitioners," thus, the decision to issue a visa under the Immigrant Investor Program is not discretionary.  8 U.S.C. § 1153(b)(5)(A) (emphasis added).

56.     The APA provides that "an [a]n agency action made reviewable by statute and [a] final agency action for which there is no other adequate remedy in court are subject to judicial review."  5 U.S.C. § 704.  "Agency action' includes the whole or a part of an agency

15

rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13).

57. Defendants' wrongful denial of plaintiff's Form I-526 Petition has caused, and will continue to cause, personal harm to plaintiff.

58. Defendants' wrongful denial of plaintiff's Form I-526 Petition has caused, and will continue to cause, an actual disruption of the economic relationship between the plaintiff and her investment into MCFA, LP and the historic renovation project.

### VI.   CLAIMS FOR RELIEF

#### FIRST CAUSE OF ACTION

*DEPRIVATION AND VIOLATION OF RIGHTS UNDER THE APA*

59. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above, inclusive.

60. Defendants' denial of plaintiff's Form I-526 Petition is improper and reviewable under 5 U.S.C. § 702.

61. As a result of this improper decision by defendants, plaintiff is "suffering a legal wrong of agency action," is "adversely affected or aggrieved by agency action," and therefore is "entitled to judicial review thereof" under 5 U.S.C. § 702.

62. Defendants' decision to deny plaintiff's visa petition is based upon legal interpretations and factual findings contrary to, and inconsistent with, INA § 203(b)(5), 8 C.F.R. § 204.6, the four EB-5 precedent decisions, and the applicable policy memoranda.

63. The APA directs that the "reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" [5 U.S.C. § 706(2)(A)]; "in excess of statutory . . . authorities" [§ 706(2)(C)]; and "unsupported by substantial evidence" [§

706(2)(E)].

64. Defendants' actions, findings, and conclusions are plainly erroneous, arbitrary, capricious, an abuse of discretion, not supported by substantial evidence, and in excess of statutory authority under 5 U.S.C § 706 as follows:

65. In violating 5 U.S.C. §§ 706(2)(A), (C)-(E), defendants erroneously conclude that plaintiff had failed to establish eligibility for the benefit sought under INA § 203(b)(5), 8 C.F.R. § 204.6, and the four EB-5 precedent decisions;

66. In violating 5 U.S.C. §§ 706(2)(A), (C)-(E), defendants erroneously determined that plaintiff failed to demonstrate through a preponderance of the evidence a qualifying investment as defined in 8 C.F.R. § 204.6(e);

67. In violating 5 U.S.C. §§ 706(2)(A), (C)-(E), defendants' interpretation of the regulations to require that an all-cash capital contribution to the new commercial enterprise that is derived from a third-party loan must be secured by assets of the petitioner is plainly erroneous;

68. In violating 5 U.S.C. §§ 706(2)(A), (C)-(E), defendants' denial of plaintiff's Form I-526 petition pursuant to this interpretation is arbitrary and capricious;

69. In violating 5 U.S.C. §§ 706(2)(A), (C)-(E), defendants applied a legal standard under 8 C.F.R. § 204.6(e) that effectively amended the APA, thus violating the APA as the interpretation failed to be subject to public notice and comment, which is in excess of statutory and regulatory authority, *ultra vires,* and void; and

70. In sum, defendants' actions, findings, and conclusions that plaintiff insufficiently demonstrated eligibility under INA § 203(b)(5) and 8 C.F.R. §§ 204.6(e) with a qualifying contribution of capital is "arbitrary, capricious, and abuse of discretion, [and not] otherwise in accordance with law; . . . in excess of statutory jurisdiction, authority, or limitations, or short of

statutory right; without observance of procedure required by law; [and] unsupported by substantial evidence" contrary to INA § 203(b)(5) and 8 C.F.R. § 204.6.

## SECOND CAUSE OF ACTION

*DEPRIVATION AND VIOLATION OF RIGHTS UNDER THE INA*

71. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above, inclusive.

72. In denying plaintiff's Form I-526 Petition, defendants have unlawfully interpreted and applied INA § 203(b)(5), 8 C.F.R. § 204.6, its four EB-5 precedent decisions, and policy memoranda.

73. As a result, defendants deprived plaintiff of her rights under the INA to benefit from the statute's immigrant investor provisions, and thereby violated those rights.

## THIRD CAUSE OF ACTION

*DECLARATORY JUDGMENT ACT*

74. Plaintiff repeats and realleges the allegations contained in the proceedings paragraphs above, inclusive.

75. Plaintiff is entitled to a declaration of rights, namely, eligibility to classification under INA § 203(b)(5) and 8 C.F.R. § 204.6 as a conditional permanent resident, which shall have the force and effect of a final judgment, in accordance with 28 U.S.C. § 2201(a).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff hereby prays for relief as follows:

a. That the Court hold unlawful and set aside defendants' findings that plaintiff failed to establish eligibility under INA § 203(b)(5);

b. That the Court declares that defendants' final action denying plaintiff's Form I-

526 Petition is arbitrary and capricious, not supported by substantial evidence, and beyond the scope of defendants' statutory authority;

    c.    That the Court either grant independently or remand and direct defendants to grant plaintiff's eligibility to alien entrepreneur classification under INA § 203(b)(5);

    d.    That the Court provide further relief as it deems appropriate, just, and equitable; and

    e.    That the Court grant reasonable attorney's fees, expenses and costs of court to plaintiff, pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504, or any other applicable provision, to include 28 U.S.C. 2412(d).

DATED:    February 18, 2019
               New York, New York

                     Respectfully submitted,

                     //s//  *Jason D. Wright*
                     Jason D. Wright, Esq.
                     DC Bar #1029983

                     WRIGHT LAW FIRM PLLC
                     40 Fulton Street, 23rd Floor
                     New York, New York 10038
                     Direct:  212-683-4892
                     Mobile:  202-578-0260
                     Fax:  917-677-8577
                     E-mail: jwright@jasonwrightesq.com

                     *Counsel for Plaintiff*